IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ELLEN MILLER, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 18-cv-4353 |
| | ) | |
| v. | ) | Judge Robert M. Dow, Jr. |
| | ) | |
| ANDREW BALTERMAN, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Ellen Miller ("Plaintiff") filed this action against Defendant Andrew Balterman ("Defendant") alleging that Defendant (1) breached his fiduciary duty to Plaintiff as executor of their uncle's estate (Count I) and (2) intentionally interfered with her recovery from the same (Count II). Currently before the Court is Defendant's motion to dismiss [10] under Federal Rule of Civil Procedure 12(b)(1). For the reasons explained below, Defendant's motion [10] is granted as to both Counts I & II. This case is dismissed without prejudice.

**I.    Background[1]**

Elmore Lee Balterman ("the Decedent"), a nationally-renowned photographer whose photos were featured on the cover of *Life* magazine, among others, passed away in March 2012.

---

[1] The facts are drawn from Plaintiff's complaint and are taken as true for purposes of deciding Defendant's motion to dismiss under Federal Rule of Civil Procedure 12(b)(1). See *Long v. Shorebank Dev. Corp.,* 182 F.3d 548, 554 (7th Cir. 1999); *Killingsworth v. HSBC Bank Nevada, N.A.,* 507 F.3d 614, 618 (7th Cir. 2007). The Court also takes judicial notice of the records in the relevant state court action: *In re Estate of Baltermann,* Case No. 2012 P 4779, Circuit Court of Cook County, Illinois, Probate Division ("the Probate Action"). The Court may take judicial notice of matters of the public record, including court records, on a motion to dismiss brought under Rule 12(b)(1) or an abstention doctrine. See *Long,* 182 F.3d at 554 (allowing a district court ruling on a 12(b)(1) motion to "'look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists'"); *Lumen Const., Inc. v. Brant Const. Co.,* 780 F.2d 691, 697 n.4 (7th Cir. 1985) (finding that "the official record of the parallel state case is a proper object for judicial notice" on a motion to abstain).

[1, ¶¶ 5, 8.] At the time of his death, Decedent's property passed into an estate ("the Estate"). [*Id.* ¶ 6.] The Decedent's only heirs were his nieces and nephews: Plaintiff, Defendant, and Defendant's two sisters. [*Id.* ¶¶ 7, 9.] Defendant served as executor of the Estate. [*Id.* ¶ 12.]

Plaintiff alleges that as executor, Defendant breached his fiduciary duty by (1) allowing individuals to steal from the Estate; (2) failing to adequately investigate the contents and value of the Estate; (3) engaging in self-dealing for his own personal benefit and that of his family; and (4) failing to recognize Plaintiff's rights as an heir. [*Id.* ¶¶ 14–17, 20.] These breaches allegedly diverted more than $2 million in assets from the Estate, a quarter of which would have passed to Plaintiff. [*Id.* ¶¶ 36, 38.] Plaintiff also alleges that as early as 2003, Defendant began exerting undue influence over the Decedent to divert property to Defendant and his family. [*Id.* ¶¶ 41–44.]

Plaintiff also raised these alleged breaches of fiduciary duty before the Probate Division of the Circuit Court of Cook County ("the Probate Court"). [See, e.g., 10-1, at 2–37.] Plaintiff filed repeated objections asserting misfeasance and malfeasance in regard to successive iterations of the Final Account and Report submitted by Defendant. [*Id.* at 7–27.] For example, in her objections to the Defendant's first *Amended Final Account and Report*, Plaintiff asserted that Defendant had (1) failed to account for or report a significant number of the Estate's assets, a list of which she provided [*Id.* at 7–8, 6–20], and (2) failed to identify Plaintiff as an heir of the estate when he petitioned for letters of office [*Id.* at 9]. Plaintiff also requested that the Probate Court dismiss Defendant as executor and recruit a professional administrator for the estate. [*Id.*] Similarly, after Defendant filed his *Second Amended Final Account and Report*, Plaintiff filed another objection accusing Defendant of once again failing to properly account for the assets of the Estate. [*Id.* at 21–27.] Plaintiff, through counsel, even conducted an "examination" of Defendant to discover any missing assets of the Estate on February 18, 2013. [*Id.* at 2–6.]

Nonetheless, after Defendant filed his *Third Amended Final Account and Report* ("The Final Report") [*Id.* at 28–36], the Probate Court entered an "Order of Discharge" ("the Final Order") on July 12, 2016, which approved the Final Report, discharged Defendant as independent executor, and closed the Estate. [*Id.* at 37.] The Final Order comprised an apparently standardized form with typed and handwritten modifications. It included language that, "the Court [has] been advised that all acts necessary in the proper administration of the estate have been performed according to law * * *." [*Id.*] The Final Order also noted that Plaintiff was present for its entry. [*Id.*]

Nearly two years later, Plaintiff filed this suit on June 22, 2018. [1.] On August 24, 2018, Defendant filed the instant motion to dismiss seeking to dismiss the complaint on abstention grounds. [See 10.] Neither Plaintiff nor Defendant filed the response or reply that were due on September 20, 2018 and October 14, 2018, respectively. [13.]

## II. Legal Standard

A Rule 12(b)(1) motion seeks the dismissal of an action for lack of subject matter jurisdiction. If a defendant challenges the sufficiency of the allegations regarding subject matter jurisdiction, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in favor of the plaintiff. See *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 443–44 (7th Cir. 2009); *United Phosphorus, Ltd. v. Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir. 2003) (*en banc*), overruled on other grounds by *Minn-Chem, Inc. v. Agrium, Inc.*, 683 F.3d 845 (7th Cir. 2012). In ruling on the motion, the Court may look beyond the jurisdictional allegations alleged in the complaint and take into consideration whatever evidence has been submitted on the issue to determine if subject matter jurisdiction exists. *Evers v. Astrue*, 536 F.3d 651, 656–57 (7th Cir. 2008) (quoting *St. John's United Church of Christ v. City of Chicago*, 502 F.3d 616, 625 (7th

Cir. 2007). The party asserting jurisdiction bears the burden of establishing that jurisdiction is satisfied. *Glaser v. Wound Care Consultants, Inc.*, 570 F.3d 907, 913 (7th Cir. 2009).

**III. Analysis**

Defendant asserts that this action must be dismissed under the *Rooker-Feldman* doctrine because it amounts to a collateral attack on the Final Order. The "*Rooker–Feldman* doctrine"—an amalgamation of the principles expounded in *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983)—prohibits federal district courts from hearing cases "complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). "[N]o matter how erroneous or unconstitutional the state court judgment may be, the Supreme Court of the United States is the only federal court that could have jurisdiction to review a state court judgment." *Remer v. Burlington Area Sch. Dist.*, 205 F.3d 990, 996 (7th Cir. 2000).

The Seventh Circuit has specified that "'[w]hile the *Rooker–Feldman* doctrine bars federal subject matter jurisdiction over issues raised in state court, and those inextricably intertwined with such issues, 'an issue cannot be inextricably intertwined with a state court judgment if the plaintiff did not have a reasonable opportunity to raise the issue in state court proceedings.'" *Taylor v. Fed. Nat'l Mortg. Ass'n*, 374 F.3d 529, 534–35 (7th Cir. 2004) (quoting *A.D. Brokaw v. Weaver*, 305 F.3d 660, 668 (7th Cir. 2002)). Despite Plaintiff's complete silence regarding the Probate Action in her complaint, a short review of the Plaintiff's objections in the Probate Action and the complaint in this action makes clear that she is attempting to re-litigate, or litigate for the first time, issues directly related to the Probate Action. Consequently, the only question is whether those issues were addressed or should have been addressed by the Probate Court. *Brown v. Bowman*,

4

668 F.3d 437, 443 (7th Cir. 2012) ("artful pleading cannot get [a plaintiff] around *Rooker–Feldman* when the gravamen of [her] complaint requires the district court to review the state judgment").

In support of Count I, Plaintiff alleges that Defendant, among other things, (1) allowed individuals to steal from the Decedent and the Estate; (2) failed to adequately investigate the value of the Estate; and (3) engaged in self-dealing for his own personal benefit and that of his family in direct contravention of his fiduciary duties as executor of the Estate. By comparison, when she filed objections in the Probate Action, Plaintiff asserted that Defendant had (1) failed to account for or report a significant number of assets, and (2) failed to identify Plaintiff as an heir. Given that the issues at the heart of Count I are indistinguishable from those in the Probate Action, the only question is whether the Probate Court addressed those issues in its Final Order.

Defendant argues that the Probate Court implicitly overruled and/or denied Plaintiff's objections when it entered the Final Order. [10, 7–8.] While Defendant has not pointed to any precedent, the Court agrees that the Final Order contains language supporting the conclusion that the Probate Court at least implicitly overruled any objections to the final accounting of the Estate. Compare *Allcare, Inc. v. Bork*, 531 N.E.2d 1033, 1036 (Ill. App. Ct. 1988) (finding the trial court implicitly denied a motion based on the transcript of a colloquy between the court and counsel) with *Mulay v. Mulay*, 870 N.E.2d 328, 332 (Ill. 2007) (holding the record before the court did not support a finding that the trial court had implicitly denied a motion). In this case, the Final Order, perfunctory though it may have been, contained a specific conclusion that "all acts necessary * * * have been performed according to law." [10-1, 37.] Thus, the Probate Court necessarily overruled Plaintiff's objections and found that the Third Amended Final Account and Report provided a proper accounting of the Estate. Otherwise, it could not have concluded that "all acts necessary * * * have been performed according to law." Because the complaint and Plaintiff's objections in

5

the Probate Court are substantively indistinguishable, and the Final Order implicitly overruled them, Count I is barred by the *Rooker-Feldman* doctrine.

In Count II, Plaintiff alleges that Defendant exercised undue influence over the Decedent to transfer the Decedent's property to himself and his family. Though neither Plaintiff nor Defendant has suggested Plaintiff raised such an argument during the Probate Action, such arguments and the proceedings to resolve them are routine in probate court matters. For example, *In re Estate of Hoellen* emphasized that the Illinois Probate Act gives probate courts the power to recover property that has been allegedly removed from an estate through undue influence or the breach of fiduciary duty through a "citation petition." 854 N.E.2d 774, 784 (Ill. App. Ct. 2006). The citation petition process proceeds like a civil suit and gives the probate court "broad powers to effectuate the discovery and recovery" of property. *Id.* In fact, "a probate court is authorized to 'determine all questions of title, claims of adverse title and the right of property and may enter such orders and judgment as the case requires. If the respondent refuses to * * * obey the court's order to deliver any personal property or, if converted, its proceeds or value, * * * the court may enforce its order against the respondent's real and personal property in the manner in which judgments for the payment of money are enforced.'" *Id.* (quoting 755 ILCS 5/16–1(d)).

Two common claims in such proceedings are undue influence and breach of fiduciary duty. *In re Estate of Hoellen*, 854 N.E.2d at 784. In fact, Plaintiff actually conducted a "citation examination" of the Defendant in an effort to recover property that she believed had been improperly removed from the state [see generally 10-1, 2–6], but neither the allegations in the complaint nor the Probate Court records submitted to the Court suggest that Plaintiff made any claims regarding undue influence during the Probate Action.

6

Nonetheless, Seventh Circuit precedent holds that the *Rooker-Feldman* doctrine bars claims when an individual has an opportunity to litigate the merits of the claim in a state court action and simply chooses not to do so. *Downs v. Westphal*, 78 F.3d 1252, 1256 (7th Cir. 1996), opinion amended on denial of reh'g, 87 F.3d 202 (7th Cir. 1996). In *Downs*, the defendant claimed the district court lacked jurisdiction to enforce the default judgment entered against her by an Arizona trial court because the judgement was invalid. *Id.* at 1254–55. After ignoring the Arizona suit until the trial court entered a default judgment against her, the Defendant attempted to litigate the matter on appeal and lost. *Id.* at 1254. The case ended when the Arizona Supreme Court denied her petition for review. *Id.*

The *Downs* defendant attempted to renew her appeal by challenging the validity of the default judgment when the plaintiff sought to enforce the Arizona judgment in an Indiana federal court. 78 F.3d at 1254–56. However, the Seventh Circuit concluded that the defendant could not litigate the validity of the default judgment under the *Rooker–Feldman* doctrine because it would require the federal courts to overrule the Arizona trial and appellate courts. *Id.*

Unlike in *Downs*, where the parties had not litigated the merits of the case at all, Plaintiff heavily litigated the administration of the Estate in the Probate Court, even conducting an examination of Defendant. Plaintiff now asserts that as far back as 2003, Defendant exercised undue influence over the Decedent to divert property from the estate for the benefit of himself and his family. This is exactly the kind of claim that should have been brought in the Probate Action, either in the first instance or on a motion to reopen the estate. See 755 ILCS 5/24-9 ("If a decedent's estate has been closed and the representative discharged, it may be reopened to permit the administration of a newly discovered asset or of an unsettled portion of the estate on the petition of any interested person."). Such an allegation goes to the heart of the Final Order's validity and

its conclusion that "all acts necessary in the proper administration of the estate have been performed according to law." This Court therefore cannot provide any relief to Plaintiff without undermining the Probate Court's judgment, which it may not do under the *Rooker-Feldman* doctrine.

**IV. Conclusion**

For the reasons explained above, Defendant's motion to dismiss [35] is granted as to both Counts I & II. This case is dismissed without prejudice.

Dated: December 11, 2018

_____
Robert M. Dow, Jr.
United States District Judge